IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JERRY D. SELLERS, JR., )<br>)<br>         Plaintiff,     )<br>)<br>v.                            )<br>)<br>SAM CLINE, Warden Hutchinson )<br>Correctional Facility, in his )<br>official capacity;             )<br>RAY ROBERTS, Secretary of     )<br>Corrections for the State of  )<br>Kansas, in his official capacity; )<br>and JOHN DOES 1-4,             )<br>Correctional Officers,         )<br>Hutchinson Correctional Facility, )<br>in their official capacities,  )<br>)<br>         Defendants.    )<br>_____) | **CIVIL ACTION**<br><br>No.  13-3076 |

**MEMORANDUM AND ORDER**

Before the court are the following:

Plaintiff's motions: for default judgment (Doc. 24), for order compelling disclosure (Doc. 33), for leave to amend the complaint (Doc. 35), and for appointment of counsel (Doc. 41).

Defendants' motions: to dismiss defendants Cline and Roberts (Doc. 31), and to stay discovery (Doc. 37).

**I. Facts**.

Plaintiff's complaint alleges that he was incarcerated at Hutchinson Correctional Facility on November 4, 2011, when he was attacked by two other inmates. He contends a correctional officer enabled the attack by remotely opening plaintiff's cell door three times within a matter of minutes, which allowed other inmates to enter and exit the cell. The officer did this despite allegedly knowing that

inmates were planning an attack on plaintiff on that day. Plaintiff, who is under a life sentence for sex offenses involving minors, had just been transferred to the Hutchinson facility two days before the attack.

The complaint asserts claims for violation of constitutional rights including the right to be free from cruel and unusual punishment, denial of due process and equal protection. The complaint alleges that correctional officers were inadequately trained, they were deliberately indifferent, they engaged in wanton and willful misconduct, and they failed to protect plaintiff from assault and unsafe conditions. Doc. 1 at 10.

The complaint alleges that two corrections officers responsible for operating the cell doors – identified in the complaint as John Does 1 and 2 – conspired to allow inmates to enter plaintiff's cell for the purpose of beating him. Doc. 1 at 14. It alleges that John Doe 1 had only been on the job for one month, was improperly trained, and did not have a trainer with him at the time of the incident. The complaint further alleges that two supervisory officers – identified as John Does 3 and 4 – knew of a planned attack on plaintiff but failed to prevent it, causing a violation of plaintiff's rights. Doc. 1 at 15.

Plaintiff alleges that defendant Cline had a responsibility to ensure the health and safety of inmates and to see that staff properly trained subordinates to carry out institutional rules. Doc. 1 at 7. He alleges that defendant Roberts should have but did not properly investigate his complaint after the incident. The complaint alleges that Cline and Roberts stated there was no evidence to support

plaintiff's claims; "[t]hus, the warden and [Secretary of Corrections] are liable for the altercation at hand." Doc. 1 at 16.

On December 28, 2011, plaintiff was transferred to Ellsworth Correctional Facility, where he remains incarcerated.

## II. **Pending Motions**.

### 1. **Plaintiff's Motion for Default Judgment (Doc. 24)**.

Plaintiff's motion for entry of default against Cline and Roberts is denied. Requests for waiver of service of summons were sent to Cline and Roberts on March 4, 2014, and were promptly executed, meaning defendants had 60 days thereafter to file an answer or motion. Fed. R. Civ. P. 4(d)(3); Docs. 14-17. Prior to the 60-day deadline Cline and Roberts obtained an extension of time (Doc. 27) and thereafter timely filed a motion to dismiss. (Doc. 31). They were not in default.

### 2. **Plaintiff's motion for order compelling disclosure (Doc. 33)**.

Plaintiff moves for an order compelling disclosure of a digital video disc (DVD) that was produced by the Kansas Department of Corrections (KDOC) with its Martinez report. The DVD was filed conventionally under seal. The disc contains security camera video from the Hutchinson Correctional Facility. The video captured a portion of the relevant incident.

The DVD is clearly essential to the claims asserted and KDOC will have to make arrangements for plaintiff to view the video. The KDOC is directed to make appropriate arrangements for plaintiff to view the video in the next 30 days.

**3. Cline and Roberts' motion to dismiss (Doc. 31).**

Cline and Roberts, who are sued in their official capacities only,[1] move to dismiss the official-capacity claims for lack of subject matter jurisdiction. They argue the claims are barred by Eleventh Amendment immunity. Plaintiff responds, among other things, that the claims are not barred because he is seeking injunctive and declaratory relief. (Docs. 43, 45).

The Eleventh Amendment provides in part: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States... ." U.S. Const. amend. XI. Claims against state officers in their official capacities are essentially claims against the state itself. See City of Herriman v. Bell, 590 F.3d 1176, 1183 (10th Cir. 2010) ("suits against state officials in their official capacities are no different than suits against the state itself"). Eleventh Amendment sovereign immunity thus ordinarily bars actions in federal court against a state, its agencies and its officials acting in their official capacities. See Kentucky v. Graham, 473 U.S. 159, (1985) (absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court). This is so "regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." Steadfast Ins.

---

[1] Although the complaint only identifies the defendants as being sued in their official capacities, plaintiff's response to the motion to dismiss indicates that he intends to sue the four John Doe correctional officers in their individual capacities, while confirming that Cline and Roberts are sued only in their official capacities. Doc. 43 at 2.

Co. v. Agricultural Ins. Co., 507 F.3d 1250, 1252 (10th Cir. 2007) (citing Fed. Mar. Comm'n. v. S.C. State Ports Auth., 535 U.S. 743, 765-66 (2002)).

In Ex parte Young, 209 U.S. 123 (1908) the Supreme Court recognized an exception to Eleventh Amendment immunity when a suit seeks prospective injunctive relief to halt ongoing violations of federal law. In determining whether this exception applies, the court conducts a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Md., Inc. v. Pub. Serv. Comm'n, 535 U.S. 635, 645 (2002).

Plaintiff's complaint contains no facts showing an ongoing violation of his constitutional rights and, aside from one vague and unsupported reference, seeks no injunctive relief to prevent future violations.[2] The complaint seeks relief for past harms rather than for ongoing violations. Plaintiff's official capacity claims against Cline and Roberts thus do not fall under the Ex parte Young exception and are barred by the Eleventh Amendment.

As plaintiff concedes, he cannot maintain an action for prospective injunctive relief without showing a likelihood of future harm. Doc. 43 at 5. In an attempt to do so, plaintiff asserts that Cline and Roberts "still can have a future impact" on him because he is under a life sentence. Such speculative allegations provide no basis for prospective injunctive relief. Riggs v. City of Albuquerque,

---

[2] The complaint's prayer for relief includes a request for a "preliminary and permanent injunction ordering Defendant(s): Ray Roberts and Sam Cline to adhere to the injunction described herein," Doc. 1 at 21, but otherwise describes no injunction.

-5-

916 F.2d 582, 586 (10th Cir. 1990) (plaintiff seeking prospective injunctive relief "must show more than past harm or speculative future harm.").

Plaintiff's response brief also claims an ongoing denial of his right to equal protection of the laws "by the denial of ... such things as jobs [and] vo-tech training" for individuals such as him "belonging to a known group that is always a target." Doc. 43 at 2. This is an apparent reference to plaintiff's sex offense conviction and the fact that inmates in KDOC custody who are threatened may be placed in protective custody, which in turn may restrict their job or training opportunities. Plaintiff argues "there needs to be an additional facility" for the placement of such individuals to "allow these offenders the same rights as any other offender in KDOC in regards to visits, jobs, educations, and rehabilitation programs." Doc. 43 at 6.

These allegations cannot support a valid claim for relief. Where an equal protection claim does not involve a suspect classification or a fundamental right – and this claim involves neither – governmental action is valid if supported by any rational basis. Placing an inmate in protective custody is a rational response when prison officials become aware that the inmate is threatened with harm by others. Cf. Riddle v. Mondragon, 83 F.3d 1197, 1207 (10th Cir. 1996) (plaintiff's allegation that sex offenders were improperly classified as violent offenders failed to show irrational or arbitrary conduct); Tavares v. Amato, 954 F.Supp.2d 79, 100 (N.D.N.Y. 2013) (genuine issue of fact existed where prison summarily housed all sex offenders in administrative segregation in the absence of any

-6-

compelling safety concern). Indeed, plaintiff's response notes that three months after his transfer to Ellsworth, he was threatened by other inmates and was placed in protective custody because "an officer recognized the situation and eliminated a possible altercation." Doc. 43 at 7.

Plaintiff's complaint fails to state any claim against the State of Kansas for ongoing constitutional violations or for prospective injunctive relief. Moreover, plaintiff suggests no possible amendment of the complaint that would allow him to cure this deficiency and state a viable claim against the State under Ex parte Young. The court will therefore grant the motion to dismiss the official capacity claims against Cline and Roberts.

**4. Plaintiff's motion for leave to amend complaint (Doc. 35).**

Plaintiff requests leave to file an amended complaint substituting the names of the correctional officers identified as "John Doe" defendants in the original complaint. The names of the officers were set forth in the KDOC's recently filed Martinez report.

No response to plaintiff's motion has been filed. Because plaintiff's request is timely under Fed. R. Civ. P. 15(a)(2), and because plaintiff shows good cause for the amendment, the court grants the request. Plaintiff is given until September 15, 2014, to file an amended complaint naming the John Doe defendants.

**5. Defendants' motion to stay discovery (Doc. 37).**

Cline and Roberts' motion to stay discovery pending a ruling on their motion to dismiss is denied as moot.

-7-

**6. <u>Plaintiff's motion for appointment of counsel</u> (Doc. 41).**

Plaintiff again moves for appointment of counsel. The court previously denied a similar request. Doc. 10.

There is no constitutional right to appointment of counsel in a civil case, although the court may in its discretion appoint counsel. The court considers the merits of the plaintiff's claims, the nature of the factual issues raised, the plaintiff's ability to present his claims, and the complexity of the legal issues raised by the claims. <u>Williams v. Meese</u>, 926 F.3d 994, 996 (10th Cir. 1991).

Having had the benefit of the Martinez report, the court concludes that plaintiff's motion to appoint counsel should be granted. The Martinez report indicates that on the evening of November 4, 2011, Corporal Fears heard that plaintiff, who had just been transferred to the facility, would be attacked if he went to the showers. Fears allegedly briefed Sgt. Baker and Officer Mitchell on the threat and said that plaintiff's cell should not be opened. Fears also said he "set the control on that cell to the 'locked' position so that it wouldn't be accidentally opened." Despite these precautions, Mitchell, who was operating the control panel that opened and closed cell doors, subsequently opened plaintiff's cell door three times, allowing two other inmates to enter and exit plaintiff's cell. Plaintiff suffered a beating by one or both of the inmates.

Mitchell, who was new to the job, later stated that he remembered Fears mentioning a possible fight but did not remember anything specific. Sgt. Baker said he was aware from Fears of a rumor than an inmate would be assaulted if he went out for a shower that evening but did not know specifically which inmate was being threatened. Mitchell,

-8-

who was unsupervised at the time of the incident, said there was a lot of inmate movement and that he watched as best he could and opened cell doors as inmates called out their cell number. He denied intentionally allowing other inmates to enter plaintiff's cell.

While the merits of plaintiff's claims have yet to be determined, the Martinez report itself shows there was, at a minimum, a questionable failure to protect plaintiff in the face of a threat known to one or more correctional officers. Plaintiff is entitled to conduct discovery on his claims, and considering the nature of the claims and plaintiff's ability to access information, the court concludes that appointment of counsel is appropriate.

**III. Conclusion.**

    1. Plaintiff's **Motion for Default Judgment (Doc. 24)** is denied.

    2. Plaintiff's **Motion for Order Compelling Disclosure (Doc. 33)** is granted in part. The KDOC is directed to make appropriate arrangements in the next 30 days for plaintiff to view the security video that was submitted as part of the Martinez report.

    3. Cline and Roberts' **Motion to Dismiss (Doc. 31)** is granted. Plaintiff's claims against Cline and Roberts in their official capacities are dismissed for lack of subject matter jurisdiction.

    4. Plaintiff's **Motion for Leave to Amend Complaint (Doc. 35)** is granted. Plaintiff is granted until September 15, 2014, to file an amended complaint naming the John Doe defendants.

    5. Plaintiff's **Motion for Appointment of Counsel (Doc. 41)** is granted. A separate order will be issued naming the counsel to be appointed after the court has located an appropriate attorney to

represent plaintiff.

IT IS SO ORDERED.

Dated this 18th day of August 2014, at Wichita, Kansas.

                                          s/Monti Belot

                                          Monti L. Belot

                                          UNITED STATES DISTRICT JUDGE