IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JERRY D. SELLERS, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAM CLINE, WARDEN HCF; )<br>RAY ROBERTS, SECRETARY KDOC; )<br>JACOB FEARS; ISAAC BAKER; )<br>CHARLES MITCHELL; )<br>and STEPHEN JONES, )<br>)<br>Defendants. )<br>) | **CIVIL ACTION**<br><br>No.  13-3076-MLB-KMH |

**MEMORANDUM AND ORDER**

Before the court are the following:

Defendants' Motion to Dismiss (Docs. 58, 59);
Plaintiff's Response (Doc. 63); and
Defendants' Reply (Doc. 69).

**I. Facts and Case History.**

Plaintiff is an inmate at Ellsworth Correctional Facility who is serving a life sentence for sex offenses against minors. He was previously incarcerated at Hutchinson Correctional Facility (HCF), where on November 4, 2011, he was attacked in his cell by two other inmates. Plaintiff contends a correctional officer at HCF who was remotely operating cell doors in plaintiff's unit negligently or intentionally enabled the attack by opening and closing plaintiff's cell door three times in succession, which allowed the two attackers to enter, assault plaintiff, and then exit his cell.

On April 18, 2013, plaintiff filed a pro se complaint (Doc. 1) asserting claims under 42 U.S.C. § 1983 against defendants Cline,

Roberts and "John Does 1 through 4." The complaint identified the John Doe defendants, respectively, as: #1) a Correctional Officer with the rank of "CO" [correctional officer] assigned to C-Cellhouse at HCF; #2) a Correctional Officer with the rank of Corporal assigned to C-Cellhouse; #3) a Correctional Officer with the rank of "Sergeant (Living Unit)" assigned to C-Cellhouse; and #4) a Correctional Officer with the rank of Captain assigned to C-Cellhouse. Doc. 1 at 2. Allegations within the 23-page complaint indicated that at the time of the incident, John Doe #1 was remotely operating cell doors from a control room at the end of a row of cells where plaintiff was housed. Among other things, plaintiff alleged that the four John Doe correctional officers were deliberately indifferent to his safety and that they enabled the inmate attack on November 4, 2011.

Plaintiff filed a motion to proceed in forma pauperis (IFP) together with his complaint on April 18, 2013. (Doc. 2). He also filed a motion for appointment of counsel and a motion for preliminary injunction with affidavits in support. Docs. 4-8. The latter motion requested injunctive relief pertaining to treatment of sex offenders in Kansas Department of Corrections' (KDOC) custody.

On January 22, 2014, Judge Crow denied plaintiff's motions for preliminary injunction and for appointment of counsel. Doc. 10. With regard to plaintiff's IFP motion, the court directed plaintiff to make an initial filing fee of $4.00 by February 21, 2014. On February 25, 2014, after plaintiff complied with the order to pay a partial filing fee, Judge Crow granted the motion to proceed IFP. Doc. 12. His order directed the clerk to prepare waiver of service forms "for the defendants" pursuant to Rule 4(d), with service to be made by the U.S.

Marshal at no cost to plaintiff. The order also directed the KDOC to investigate and prepare a "Martinez report" (see Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978)) with a summary of the HCF incident. The order provided that discovery by plaintiff would not commence until plaintiff received the Martinez report or an answer to the complaint, and that the action was exempted from the disclosure provisions of Fed. R. Civ. P. 26(a) & (f). Doc. 12 at 3. See also Fed. R. Civ. P. 26(a)(1)(B) (pro se actions by inmates exempted from initial disclosure requirements of Rule 26).

The clerk issued waivers of service for defendants Roberts and Cline; the waivers were executed and filed by March 13, 2014. Docs. 14, 15. No waivers or summonses were issued as to the John Doe defendants. Plaintiff does not claim that the description of the John Doe defendants in the initial complaint was sufficient to permit the service of summonses on these defendants.

On April 29, 2014, the KDOC filed a Martinez report. Doc. 26. Among other things it indicated the four John Doe correctional officers described in the complaint were: 1) Charles Mitchell; 2) Jacob Fears; 3) Isaac Baker; and 4) Stephen Jones. These individuals had been interviewed by KDOC and gave statements in connection with the Martinez report investigation.

On June 2, 2014, after Roberts and Cline moved to dismiss the claims against them, plaintiff moved to amend the complaint to name the four John Doe correctional officers. Doc. 35. The court granted the motion to dismiss as to Roberts and Cline but granted plaintiff's motion for leave to amend. The court additionally granted plaintiff's motion for appointment of counsel, Doc. 46, and gave plaintiff until

October 15, 2014 to file an amended complaint. Doc. 52. Plaintiff's appointed counsel filed the amended complaint on October 15, 2014, naming the four John Doe correctional officers. Doc. 53. The correctional officers were served with the amended complaint a week later.[1] Docs. 54-57.

**II. Motion to dismiss.**

Defendants Fears, Mitchell, Jones and Baker move to dismiss the amended complaint under Rule 12(b)(6), arguing: 1) the claims against them are barred by the statute of limitations; and 2) the allegations fail to state a plausible claim. Doc. 58.

1. <u>Statute of limitations</u>. In actions under 42 U.S.C. § 1983, federal courts apply the statue of limitations for personal injuries in the state where the claim arose, as long as that law is not inconsistent with federal law. <u>Hardin v. Straub</u>, 490 U.S. 536, 538 (1989); <u>Wilson v. Garcia</u>, 471 U.S. 261, 176 (1985). In Kansas the limitation period for personal injuries is two years. <u>See</u> K.S.A. § 60-513(a)(4). The incident at HCF occurred on November 4, 2011, meaning the two-year limitations period would have expired on November 5, 2013, absent some basis for tolling the statute.

Plaintiff's initial complaint was clearly filed within the two-year limitation period, but naming "John Doe" defendants was insufficient to identify and state a claim against the individual correctional officers, and in any event these officers were never

---

[1] Defendants Cline and Roberts were named as defendants in their official capacities in the the original complaint. The court dismissed those claims. Doc. 46. Although Cline and Roberts are included in the amended complaint, they were not served with that complaint and plaintiff apparently does not intend to pursue the claims against them. <u>See</u> Doc. 59 at 3, n.1.

-4-

served with the original complaint. See e.g. Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3rd Cir. 2003) ("The naming of a John Doe defendant in a complaint does not stop the statute of limitations from running or toll the limitations period as to that defendant."); Garrett v. Fleming, 362 F.3d 692, 696 (10th Cir. 2004). In order for plaintiff's claims against these defendants to be timely, then, at least one of two conditions must be satisfied: 1) the limitations period must have been tolled at least until plaintiff filed his amended complaint; or 2) the amended complaint must relate back to the date of filing the original complaint pursuant to Rule 15(c). A review of the relevant law shows that the limitations period was in fact tolled up to the filing of the amended complaint, such that the action against the individual correctional officers is timely.[2]

    A. Tolling.

"Not only the length of the limitations period, but also 'closely related questions of tolling and application,' are determined by state law in §1983 actions." Varnell v. Dora Consol. School Dist., 756 F.3d 1208, 1212 (10th Cir. 2014). Because Congress decided to defer to the states' judgment as to the proper period of limitation, and because the limitation period is interrelated with tolling provisions, courts should not unravel state limitations rules unless their full application would defeat the goals of the federal statute

---

[2] In view of this finding the court need not address the relation back issue under Rule 15(c). See Garrett v. Fleming, 362 F.3d 692 (10th Cir. 2004) (suing John Doe defendant was not a "mistake" concerning the proper party's identity); Krupski v. Costa Cruciere, 560 U.S. 539 (2010) (relation back provision depends on what the party to be added knew or should have known, not on plaintiff's knowledge).

at issue. Hardin, 490 U.S. at 538.

Kansas has a statutory tolling provision for persons under legal disability, including prisoners. K.S.A. § 60-515(a). Under this rule, prisoners are generally considered to be under a legal disability and are entitled to bring their action within one year after the disability is removed (i.e., after release). But "if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability." K.S.A. § 60-515(a).

Plaintiff specifically concedes he was not under a legal disability and was not denied access to the courts for purposes of bringing an action. Doc. 63 at 11. Rather, he claims he is entitled to equitable tolling of the limitations period based on the court's delay in deciding his motions to proceed in forma pauperis and for appointment of counsel. Plaintiff argues that if this delay is excluded, it would put the limitations period "as ending in September of 2014, a date by which the Individual Defendants were most assuredly aware of this lawsuit...." Doc. 63 at 13. Plaintiff also points out that he exhausted administrative remedies before filing suit and further asserts that he attempted unsuccessfully in those proceedings to obtain the officers' identities. He says that after he filed suit "he could do nothing but wait for the Court to rule" on his motions, and, moreover, that when the motion to proceed IFP was granted the court "continued to tie his hands by staying all discovery until completion of the Martinez report." Doc. 63 at 13.

"In Kansas, a trial court cannot toll a limitations period; only the legislature, by statute, may do so." Bell v. City of Topeka, 279

-6-

Fed.Appx. 689, 2008 WL 2192152 (10th Cir. 2008) (citations omitted). Because the Kansas legislature has specifically provided a tolling rule for prisoners in K.S.A. § 60-515(a), a prisoner is generally entitled to tolling "only if he or she is denied access to the courts," which plaintiff does not claim. See McClain v. Roberts, 304 P.3d 364 (Table), 2013 WL 3970215, *3 (Kan.App. 2013).

Despite this seemingly hard and fast rule, Kansas courts have recognized equitable tolling and the related concepts of equitable estoppel and the "unique circumstances doctrine."[3] See e.g., Harris v. Neill, 216 P.3d 191 (Table), 2009 WL 3082642, *6 (2009) (citing rule of equitable tolling but finding it did not apply); Finley v. Estate of DeGrazio, 285 Kan. 202, 170 P.3d 407 (recognizing unique circumstances doctrine); Nguyen v. IBP, Inc., 266 Kan. 580, 587, 972 P.2d 747 (1999) (stating court has applied unique circumstances doctrine where an untimely filing results from a non-party error); Slayden v. Sixta, 250 Kan. 23, 825 P.2d 119 (1992) (applying unique circumstances doctrine to extend the period for service of summons because of error by clerk).

The unique circumstances doctrine likely would provide plaintiff some relief from the court's delay in ruling on his IFP motion, but the applicable remedy would not extend the limitations period. It

---

[3] Equitable tolling is a long-established feature of the common law. As a general matter, equitable tolling pauses the running of a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action. Lozano v. Montoya Alvarez, 134 S.Ct. 1224, 1231-32 (2014). In federal statutes of limitation, is it presumed that Congress incorporated such background principles into the law unless it would be inconsistent with the relevant statute. Lozano, 134 S.Ct. at 1232.

would only excuse the delay in service of the original complaint on defendants Cline and Roberts.[4] The period for service was effectively extended by Judge Crow when he directed the marshals on February 25, 2014 to serve defendants with the original complaint. Doc. 12. See Keller v. United States, 444 Fed.Appx. 909, 910, 2011 WL 5008422, *3 (7th Cir. 2011)(the district judge "implicitly approved an extension of time under Rule 4(m) when he ordered service on the government").

The effect of this implicit extension was to make service of the original complaint on defendants Cline and Roberts (on March 5 and 6, 2014) timely under both Rule 4 and Kansas law. See Slayden, 250 Kan. at 30-31 (40-day delay in serving summons caused by clerk should not be counted against plaintiff; service was therefore timely under the 90-day limit of K.S.A. § 60-203); Fed. R. Civ. P. 4, comment to 1993 amendment to Rule 4(m)("Relief may be justified ... if the applicable statute of limitations would bar the refiled action"). But the individual correctional officers were not named in and were never served with the original complaint. The fact that the allowable period for service of that complaint was effectively extended does not assist plaintiff insofar as his claims against the individual correctional officers are concerned.

---

[4] The delay in the IFP ruling caused plaintiff to be unable to have his original complaint served within the 120-day period allowed by Fed. R. Civ. P. 4(m). Under both the unique circumstances doctrine of Slayden and Rule 4(m), the time limit for service of a complaint can be extended in such circumstances. And the court's delay in granting the IFP motion clearly constituted "good cause" for plaintiff's failure to serve the original complaint within the 120-day period. See Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010) ("Because the delay caused by the court's failure to authorize the issuance and service of process is beyond the control of an in forma pauperis plaintiff, such failure constitutes good cause requiring the 120-day period to be extended.").

Exhaustion of administrative remedies. Plaintiff's complaint does show periods in which tolling would apply -- namely, during his pursuit of administrative remedies. Under Kansas common law, "a plaintiff is entitled to tolling of the statute of limitations during the period he exhausted his administrative remedies." Bloom v. McPherson, 346 Fed.Appx. 368 (10th Cir. 2009) (citing Wagher v. Guy's Foods, Inc., 256 Kan. 300, 885 P.2d 1197 (1994)). This rule applies when a plaintiff is precluded from pursuing judicial remedies until after exhaustion of the administrative remedies. See Wagher, 256 Kan. at 312.

Plaintiff was required by 42 U.S.C. § 1997e to exhaust available administrative remedies before filing his §1983 claims, so the limitations period was tolled by the amount of time it took him to pursue those remedies. Under Kansas law, the available remedies included filing a grievance (K.A.R. 44-15-101a(d)(1)(B)), filing a claim for personal injury (K.A.R. 44-16-104a), and filing a claim with the Kansas legislative Joint Committee on Special Claims against the State. See K.A.R. §44-16-104a(c) (recognizing claim to legislative joint committee).

Plaintiff's amended complaint alleges that he submitted a grievance on December 13, 2011, and that it was denied as of February 28, 2012. Doc. 53 at 8; Doc. 1-1 at 2. The grievance procedure thus consumed a total of 77 days. Excluding this delay would extend the end of the limitations period from November 4, 2013 to January 20, 2014.

Plaintiff's amended complaint also alleges that he requested notarization of a personal injury claim form (IMP 01-118) at HCF on December 25, 2011, and that the claim was subsequently denied by the

warden and by the Secretary of Corrections on February 15, 2012. Doc. 53 at 9. Because this procedure overlapped with plaintiff's grievance procedure (above), on balance it added no time to the administrative process and does not result in extension of the limitations period.

Plaintiff also submitted a claim to the Kansas legislature's Joint Committee on Special Claims Against the State. Although this procedure is apparently optional under Kansas law and might not result in tolling in other contexts, 42 U.S.C. § 1997e requires exhaustion of "such administrative remedies as are available...." Because federal law governing §1983 claims required plaintiff to exhaust this procedure, the period of delay resulting from it will be excluded from the limitations period. Cf. Wagher, 256 Kan. at 311-12 (statute tolled because plaintiff was precluded from bringing suit by exhaustion requirement). Plaintiff allegedly presented the facts in support of his legislative claim on May 31, 2012, and the claim was dismissed without prejudice by the joint committee on November 15, 2012, a total of 168 days. Excluding this period of delay means the end of the limitations period was extended from January 20, 2014 to July 7, 2014.

On June 2, 2014, within the foregoing limitation period, plaintiff moved for leave to amend his complaint to name the four correctional officers and to allow the clerk to issue summonses directed to them. Doc. 35 at 1. That motion was not granted until August 19, 2014, after the limitations period expired. Plaintiff's newly appointed counsel thereafter filed an amended complaint within a time limit set by the court. Under these circumstances, the delay between plaintiff's request to amend the complaint and his filing of the amended complaint will not be counted against plaintiff. Plaintiff

timely requested leave to identify and serve the four correctional officers. He was unable to do so within the limitations period as a result of delay attributable to the court. See Slayden, 250 Kan. at 30 (delay attributable to court clerk will not be charged to plaintiff). In sum, the court finds that plaintiff's claims in the amended complaint against the individual correctional officers are not barred by the applicable statute of limitations.

　　2. Failure to state a claim.

　　Defendants also contend the amended complaint fails to state a claim for relief against any of the individual correctional officers because it merely states collective allegations and fails to plausibly show how each defendant individually violated plaintiff's rights. Doc. 59 at 6-7. Plaintiff responds that the amended complaint combined with the Martinez report provides fair notice, but alternatively argues that plaintiff should be allowed to amend his complaint if it is found to be lacking. Doc. 63 at 17-18.

　　The standards governing a motion to dismiss under Rule 12(b)(6) for failure to state a claim are well known. The complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir.2008). Conclusory allegations, however, have no bearing on the court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir.2007).

-11-

Section 1983 of Title 42 provides a remedy against a defendant who acts under color of state law to deprive a plaintiff of a constitutional right. The amended complaint alleges that defendants deprived plaintiff of federally-protected rights under the Eighth and Fourteenth Amendments, including by being deliberately indifferent to his safety in failing to protect him from assaults by other inmates. Doc. 53 at 10. As the motion to dismiss points out, however, the amended complaint does not allege any facts to show the personal involvement of any of the individual defendants in the incident. It merely refers collectively to "defendants" throughout and does not specify actions taken by any individual defendant. (E.g., "Defendants allowed two inmates to enter"; "Defendants saw this and opened the doors"; "the second inmate yelled to Defendants", et cet.).

Section 1983 imposes liability for a defendant's own actions. Henry v. Storey, 658 F.3d 1235, 1241 (10th Cir. 2011). "In order for liability to arise under §1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established." Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006). Plaintiff's collective allegations against "defendants" fail to show the basis for a claim against any individual defendant. See e.g., Grayson v. Kansas, 2007 WL 1624630 (June 4, 2007) ("plaintiff's generic collective allegations are inconsistent with the individualized allegations necessary to allege each defendant's personal participation").

Because plaintiff may still be able to cure this deficiency, the court will grant plaintiff's request for leave to again amend the complaint. See Fed. R. Civ. P. 15(a)(2) (leave to amend should be

freely given when justice so requires).

**III. Conclusion.**

The motion of defendants Fears, Mitchell, Jones and Baker to dismiss (Doc. 58) is granted for failure to state a claim upon which relief can be granted. Plaintiff is granted until April 10, 2015, to file an amended complaint. If no amended complaint is filed by that date, a judgment of dismissal will be entered.

IT IS SO ORDERED.

Dated this 19th day of March 2015, at Wichita, Kansas.

s/Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE